■ JANET J. LOGATO, as Mother and Natural Guardian of JOSEPH CERMAK, an Infant, Appellant, v WILLIAM J. REYNOLDS et al., Respondents.—In an action to recover damages, inter alia, for broker's omissions, the plaintiff appeals from an order of the Supreme Court, Queens County (Smith, J.), dated March 30, 1990, which granted the defendants' motion for a protective order vacating plaintiff's notice to produce certain documents.

Ordered that the order is affirmed, with costs.

In this action the plaintiff seeks recovery for damages she allegedly suffered as a result of the failure of the individual defendant broker to inform her that she could obtain maximum uninsured motorist coverage for a nominal sum above what she was paying to receive minimum coverage. The

complaint alleges, *inter alia,* that the broker failed to so inform her because he "was motivated by a desire to minimize the number of policies placed with his principal carriers * * * containing extended uninsured motorist coverage because those companies had and have a strong preference not to write it whenever possible because the premium is set by the state and is nominal. The defendant did not wish to risk his agency relationship with [the plaintiff's insurance carrier] by advising his clients in general and this plaintiff in particular that the extended coverage was available".

In furtherance of her claim that the defendants had engaged in a "pattern of behavior" in not issuing the maximum uninsured motorist coverage, the plaintiff sought discovery of "[c]opies of the Declaration Sheet of each and every automobile insurance policy issued or renewed by or through the defendants in each of the years 1986, 1987, and 1988, in which policies, the liability coverage was in excess of $10,000/$20,000". The Supreme Court granted the defendants a protective order with respect to that request, and we now affirm.

The plaintiff's allegation that the broker had engaged in a "pattern of behavior" is, at this juncture, speculative. Accordingly, the court did not improvidently exercise its discretion in granting the protective order. Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.